MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone No.: (212) 309-6000
Andrew D. Gottfried (AG-1699)
Wendy Walker (WW-1967)
Mark C. Haut (MH-0429)

*Attorneys for Maureen L. Rogers, Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 7 |
| MAUREEN L. ROGERS, | Case No. 06-42049 (DEM) |
| Debtor. | |
| MAUREEN L. ROGERS, Plaintiff, | Adv. Pro. No. 06-1459 (DEM) |
| vs. | |
| KEY BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

## AMENDED COMPLAINT

Maureen L. Rogers (the "Debtor"), by her undersigned attorneys, as and for her complaint, alleges as follows:

### NATURE OF THE ACTION

1. This is an adversary proceeding by which the Debtor seeks a declaration that her loan from defendant does not constitute an "educational loan" under Bankruptcy Code section 523(a)(8), and, therefore, such loan should not be excepted from discharge under section 523 of the Bankruptcy Code. In the alternative, that any such debt as may be determined to be

an "educational loan" constitutes an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. On June 16, 2006, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the Bankruptcy Code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

6. During the summer of 2004, the Debtor became disabled.

7. Since the Debtor could no longer work due to her disability, she applied to the Social Security Administration for disability benefits. In March of 2005, the Social Security Administration found the Debtor to be disabled and approved her to receive disability benefits. The Social Security Administration specifically found that she became disabled on July 1, 2004.

8. Social Security disability payments are Debtor's sole source of income.

9. Prior to becoming disabled, in the summer of 2002, the Debtor enrolled in The Institute of Allied Medical Professions (the "Institute").

10. The Debtor applied for and received a private loan from Key Bank National Association ("Key") which was denominated as a MedAchiever Loan.

11. On July 22, 2002, the Debtor signed the MedAchiever Loan Application/Promissory Note.

12. On August 2, 2002, Key paid $40,000.00 to the Institute. The Institute kept $15,000.00 to cover Debtor's tuition for her course of study and remitted the remaining balance to the Debtor.

13. When the Debtor needed additional funds for living expenses, the Institute's personnel suggested that the Debtor contact Key to receive additional funds under the MedAchiever Loan.

14. The Debtor contacted Key to request additional funds. Key's question prior to advancing the requested funds was whether the Debtor was still enrolled at the Institute. When the Debtor confirmed her enrollment, Key advanced the funds to the Institute and the Institute then remitted that entire amount to the Debtor.

15. Specifically, Key disbursed three additional $30,000.00 advances on three separate occasions -- on or about January 23, 2003, November 25, 2003 and June 15, 2004, all aggregating $130,000. Of the total funds advanced by Key, only $15,000.00 was applied toward tuition.

16. On October 20, 2006, the Debtor commenced this adversary proceeding.

17. On February 21, 2007, the Chapter 7 Trustee issued his Report of No Distribution in which the trustee requests discharge and certified pursuant to Federal Rules of Bankruptcy Procedure that there are no non-exempt assets to distribute.

18. On March 30, 2007, this Court granted the Debtor a discharge under Section 727 of the Bankruptcy Code.

# RELIEF SOUGHT

# FIRST CLAIM FOR RELIEF

# DECLARATION THAT THE LOAN IS NOT A STUDENT LOAN.

19. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Section 523(a)(8) of the Bankruptcy Code states that an "educational loan that is a qualified educational loan" is defined by reference to "section 221(d)(1) of the Internal Revenue Code of 1986." 11 U.S.C. §523(a)(8). Section 221(d) of the Internal Revenue Code of 1986 states that a "'qualified education loan' means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses – (a) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred, (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (C) which are attributable to education furnished during a period during which the recipient was an eligible student." 26 U.S.C. §221(d)(1). The term "qualified higher education expenses" is defined in 11 U.S.C. §221(d)(2).

21. The loan made by Key to Debtor is not an "educational loan" within the meaning of section 523(a)(8) of the Bankruptcy Code.

22. As a result, that amount of the debt due Key has been discharged pursuant to Bankruptcy Code section 727.

# SECOND CLAIM FOR RELIEF IN THE ALTERNATIVE

# DECLARATION THAT ANY OBLIGATION TO KEY BANK SHOULD BE DISCHARGED PURSUANT TO SECTION 523(A)(8).

23. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

24. If the Court determines that all or a potion of Key's loan to Debtor constitutes an "educational loan" under section 523(a)(8) of the Bankruptcy Code, the repayment of such student loan by the Debtor would be an undue hardship to the Debtor.

25. As a result, Key's loan to Debtor should be dischargeable pursuant to Bankruptcy Code section 523(a)(8).

WHEREFORE, the Debtor demands judgment: (i) declaring that Key's loan to Debtor is not an "educational loan" and, therefore, has been discharged pursuant to Bankruptcy Code section 727; (ii) in the alternative, if the Court finds that all or part of Key's loan to Debtor was an "educational loan," it is dischargeable pursuant to Bankruptcy Code section 523(a)(8), and (iii) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 18, 2007

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**
Attorneys for Maureen L. Rogers, Debtor


By: /s/ Andrew D. Gottfried
Andrew D. Gottfried (AG-1699)
Wendy Walker (WW-1967)

101 Park Avenue
New York, New York 10178
Telephone No.: (212) 309-6000
Facsimile: (212) 309-6001