```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                              Case No. 1-06-42049-dem

MAUREEN L. ROGERS,                                                  Chapter 7

                    Debtor.
---------------------------------------------------------------x
MAUREEN L. ROGERS,
                                                                    Adv. No. 1-06-01459-dem
                    Plaintiff,

        -against-

KEY BANK, NATIONAL ASSOCIATION,

                    Defendant.
---------------------------------------------------------------x
```

**DECISION AND ORDER DENYING APPLICATION FOR SUMMARY JUDGMENT**

Appearances:

Andrew D. Gottfried, Esq.
Morgan, Lewis & Bockius, LLP
Attorneys for Plaintiff
101 Park Avenue
New York, New York 10178

Karen Sheehan, Esq.
Rosicki, Rosicki & Associates, P.C.
Attorneys for Defendant
51 East Bethpage Road
Plainview, New York 11803

DENNIS E. MILTON
United States Bankruptcy Judge

Before the Court is the application of the debtor and plaintiff Maureen L. Rogers

("Rogers") for an Order granting summary judgment on Count I of the Amended Complaint.

Rogers claimed that the loan she received from the defendant Key Bank, National Association

("Key Bank") was not a "qualified educational loan" within the meaning of Section 523(a)(8)(B) of the Bankruptcy Code (the "Application"). Key Bank has maintained that its loan to Rogers was a "qualified educational loan" and not dischargeable. On August 7, 2007, the Court conducted oral argument on the Application and found that a genuine issue of material fact existed as to whether the Institute of Allied Medical Professions (the "Institute") had determined which items constituted a "cost of attendance" within the meaning of the Internal Revenue Code which qualified as a "higher education expense." This precluded a finding that the loan proceeds were not used solely to pay "qualified higher education expenses," and that the loan was not a qualified educational loan, as Rogers claimed. The Court denied the Application. This written decision supplements the oral ruling set forth on the record at the hearing on the Application.

. **JURISDICTION**

The Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b) and 157(b)(2)(C) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of fact and conclusions of law required by Fed. R. Bankr. P. 7052.

**PROCEDURAL HISTORY**

On or about June 16, 2006, Rogers filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On or about October 20, 2006, the debtor filed a Complaint which commenced this adversary proceeding. On November 23, 2006, Key Bank filed an Answer to the Complaint. On or about April 18, 2007, Rogers filed an Amended Complaint in which she sought a determination that the loan which Key Bank extended to her pursuant to a

2

MedAchiever Master Student Loan Promissory Note dated July 22, 2002 (the "Master Note") was dischargeable and had been discharged pursuant to Section 727 of the Bankruptcy Code. On May 9, 2007, Key Bank filed an Answer to the Amended Complaint.

By Notice of Motion dated June 15, 2007, before the taking of any discovery, Rogers moved for an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure, applicable to adversary proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, granting the debtor summary judgment on Count I of the Amended Complaint. On or about July 25, 2007, Key Bank filed its papers in opposition to the Application. On August 7, 2007, the Court conducted oral argument on the Application, found that a genuine material issue of fact existed and denied the Application. This decision follows.

## FINDINGS OF FACT

The Court finds that no genuine dispute exists as to the following material facts.

1. On July 22, 2002, the debtor executed a MedAchiever Master Student Loan Promissory Note dated July 22, 2002 (the "Master Note") to Key Bank.

2. On August 6, 2002, the Institute received a check from Key Bank in the amount of $40,000.00.

3. On August 7, 2002, the Institute applied $15,000.00 from the loan proceeds to Rogers' tuition payment of $15,000.00.

4. On October 18, 2002, the Institute issued a check in the amount of $25,000.00 to the debtor.

5. On January 20, 2003, pursuant to the Master Note, Key Bank advanced funds in the amount of $30,000.00 to the Institute, which the Institute in turn transmitted to the debtor.

6. On November 25, 2003, pursuant to the Master Note, Key Bank advanced funds in the amount of $30,000.00 to the Institute, which the Institute in turn transmitted to the debtor.

7. On or about June 15, 1994, pursuant to the Master Note, Key Bank advanced funds in the amount of $30,000.00 to the Institute, which the Institute in turn transmitted to the debtor.

8. On June 16, 2006, Rogers filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. On October 20, 2006, the debtor filed a Complaint which commenced this adversary proceeding.

10. On November 23, 2006, Key Bank filed an Answer to the Complaint.

11. On April 18, 2007, Rogers filed an Amended Complaint in which she sought a determination that the loan which Key Bank extended to Rogers pursuant to the Master Note was dischargeable.

12. On May 9, 2007, Key Bank filed an Answer to the Amended Complaint.

13. The debtor has made no payments to Key Bank with regard to the money which she received pursuant to the Master Note.

14. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

15. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

16. Venue is properly in the United States Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1409(a)3.

## ANALYSIS

### The Application For Summary Judgment Should Be Denied

Rogers has moved for an Order granting summary judgment in her favor with regard to Count I of the Amended Complaint. Rule 7056 of the Federal Rules of Bankruptcy Procedure makes Rules 56 of the Federal Rules of Civil Procedure applicable to adversary proceedings. Rule 56(a) of the Federal Rules of Civil Procedure authorizes a plaintiff to file a motion for summary judgment and provides in pertinent part:

> A party seeking to recover on a claim ... or to obtain a declaratory judgment may ... move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the legal standard to be applied on such a motion and provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

It is well settled that a motion for summary judgment will be awarded when there is no genuine issue of material fact, and the prevailing party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). As noted above, pursuant to Fed.R.Civ.P. 56(c), a moving party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." Id.  A "material" fact is one "that might affect the outcome of the suit under governing law," and a "genuine" issue is one for which "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.

In the Second Circuit, the summary judgment standard is clear. See Marvel Characters Inc. v. Simon, 310 F.3d 280, 285 (2d Cir. 2002). The Second Circuit has stated that to determine whether a genuine issue of material facts exists, "a Court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant . . . Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Id. at 286. In evaluating these motions, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 533 (1986). However, the existence of a factual dispute alone is insufficient to defeat a motion for summary judgment; the non-moving party must offer probative evidence tending to support its position. Anderson, 477 U.S. at 256. Summary judgment may be entered against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 321.

In Count I of the Amended Complaint, Rogers seeks a declaration that the loan Key Bank made to her was not an "educational loan" within the meaning of Section 523(a)(8) of the Bankruptcy Code.  This section of the Bankruptcy Code specifically excepts educational

loans from discharge and provides in pertinent part:

> 11 U.S.C. § 523. Exceptions to discharge
>
> (a). A discharge under section 727 ... does not discharge an individual from any debt –
> ...
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –
>
> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
>    (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) any other educational loan that is a qualified educational loan, as defined in section 221(d)(1) of the Internal Revenue Service Code of 1986, incurred by a debtor who is an individual[.]

Internal Revenue Code Section 221 (d)(1) defines "qualified educational loan" as follows:

> (d) Definitions – For purposes of this section–
>
>> (1) Qualified education loan. – The term "qualified education loan" means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses –
>>
>> (A) which are incurred on behalf of the taxpayer ...,
>>
>> ...
>>
>> (C) which are attributable to education furnished during a period during which the recipient was an eligible student.
>
>> (2) Qualified higher expenses. The term "qualified higher

> education expenses" means the cost of attendance (as
> defined in section 472 of the Higher Education Act of
> 1965, 20 U.S.C. § 108711, as in effect on the day before
> the date of the enactment of the Taxpayer Relief Act of
> 1997) at an eligible education institution....

26 U.S.C. § 221(d)(1). Section 108711 defines the term "cost of attendance" as

> (1) tuition and fees normally assessed a student
> carrying the same academic workload as determined by the
> institution, and including costs for rental or purchase of any
> equipment, materials, or supplies required for all students
> in the same course of study;
>
> (2) An allowance for books, supplies,
> transportation , and miscellaneous personal expenses for a
> student attending the institution on at least a half-time
> basis, as determined by the institution[.]...

20 U.S.C. § 108711.

Although Rogers has brought the Application within the time frame which Rule 56 of the Federal Rules of Civil Procedure authorized, it became clear at oral argument that the Application was premature. Neither party had taken any discovery. Rather than develop direct evidence or obtain discovery from a representative of the Institute, each party has asked the Court to draw an opposite inference from the Institute's conduct, or failure to act, with regard to making the determination of the term "cost of attendance." Rogers argued that from the foregoing statutes and regulations that a loan is a "qualified educational loan" only if the loan proceeds are use solely to pay "higher education expenses." According to her argument, to the extent that the loan proceeds are not used solely for higher education expenses, a loan is not a "qualified educational loan" and is not excepted from discharge. Rogers claimed that her loan from Key Bank, whose proceeds totaled $130,000.00, was not a loan whose proceeds were used solely for higher educational expenses, primarily because her total tuition was $15,000.00.

8

Rogers maintained that in forwarding the entire additional loan amount of $115,00.00 to her, the Institute could not have made any determination as to cost of attendance and that in any event such a determination was irrelevant in circumstances where, as here, the amount advanced exceeded the tuition by such a substantial amount that it could not be said to be applied solely to higher education expenses.

This argument ignores the fact that the term "higher education expenses" encompasses more than tuition. More significantly, this argument requires reliance on an inference from the actions of representatives of the Institute in forwarding portions of the Key Bank loan proceeds to the debtor that the Institute made no "determin[ation] by the institution" of "costs of attendance" which comprise qualified higher education expenses in Rogers' case. As noted above, counsel for Rogers has taken no discovery and has been unable to present any evidence in its papers or otherwise in the record which establishes that the actions of the Institute's representatives constituted the passive action of simply transferring funds in excess of tuition costs to the debtor without making any determination with regard to the cost of attendance.

Key Bank has maintained that the loan made to Rogers was a "qualified educational loan" and thus not dischargeable. Key Bank argued that Rogers' statement in the Amended Complaint that she used the loan proceeds to pay the costs of tuition and to pay living expenses constituted an admission and that these living expenses were contained within the "cost of attendance" of 20 U.S.C. § 108711. At argument, counsel for Key Bank initially took the position that the Institute's forwarding the loan proceeds to Rogers constituted an affirmative action which might constitute the determination of "costs of attendance" contemplated by

9

Section 108711. However, counsel ultimately acknowledged that she was drawing an inference from its actions in forwarding the loan proceeds to Rogers and was not relying on any specific documentation or written evidence that the Institute had made the required determination.

A genuine issue of material fact exists as to the Institute's determination of which, if any, of the loan proceeds which the Institute advanced to Rogers constituted a "cost of attendance" which qualified as a "higher education expense." The cost of attendance is a necessary component of a higher education expense under Section 108711. In the absence of evidence of the Institute's actions in determining the amount of the cost of attendance, it is not possible for this Court to find, under the legal standard applicable to a motion for summary judgment, that the loan proceeds were not used solely to pay "qualified higher education expenses," as Rogers claimed, and thus dischargeable. As such, Rogers has failed to establish on these papers that the loan proceeds were not used solely to pay "higher education expenses" and her application for summary judgment must be denied.

## CONCLUSION

For the reasons sets forth above, the Court finds that a genuine issue of material fact exists as to the Institute's determination of which, if any, of the loan proceeds which the Institute advanced to Rogers constituted a "cost of attendance" which qualified as a "higher education expense." The presence of this issue precluded a finding that the loan proceeds were not used solely to pay "qualified higher education expenses" and thus dischargeable. The Application for summary judgment on Count I of the Amended Complaint is denied in all respects.

IT IS SO ORDERED.

Dated: Brooklyn, New York
August 31, 2007

                                                          _s/Dennis E. Milton_
                                                          DENNIS E. MILTON
                                                          United States Bankruptcy Judge